UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HEATHER P. HURST

CIVIL ACTION

VERSUS

NUMBER 13-134-BAJ-SCR

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, January 23, 2015.

*(signed) Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HEATHER P. HURST

VERSUS

CAROLYN W. COLVIN, ACTING
CMMISSIONER OF SOCIAL SECURITY

CIVIL ACTION

NUMBER 13-134-BAJ-SCR

## **MAGISTRATE JUDGE'S REPORT**

Plaintiff Heather P. Hurst brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of Carolyn W. Colvin, the Acting Commissioner of Social Security (Commissioner) that denied her claim for disability insurance benefits.

Based on the standard of judicial review under § 405(g) and the analysis that follows, the Commissioner's decision should be affirmed.

### Standard of Review

Under § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001); *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). If substantial evidence supports the Commissioner's findings, they are conclusive

and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1981); *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. § 404.1505. The regulations require the ALJ to apply a five step sequential evaluation to each claim for benefits. 20 C.F.R. § 404.1520. In the five step sequence used to evaluate claims the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity; (2) the claimant has a severe impairment(s); (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1 of the regulations; (4) the impairment(s) prevents the claimant from performing past relevant work; and, (5) the impairment(s) prevents the claimant from doing any other work. *Masterson*, 309 F.3d at 271.

At step three, listed impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his impairment matches a listed impairment he must demonstrate that it meets all of the medical criteria specified in the listing. An impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521,

3

529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. § 404.1525.

The burden of proving disability rests on the claimant through the first four steps. At the fourth step the Commissioner analyzes whether the claimant can do any of his past relevant work. If the claimant shows at step four that he or she is no longer capable of performing past relevant work, the burden shifts to the Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy. *Myers*, supra. If the Commissioner meets this burden the claimant must then show that he or she cannot in fact perform that work. *Boyd*, 239 F.3d at 705.

**Background and Claims of Error**

Plaintiff was 31 years old at the time of the administrative law judge's ("ALJ") decision.[1] Plaintiff graduated from high school, obtained certification as a nursing assistant, and her past relevant work consisted of employment as a children's daycare center director and an activities director at a retirement community and a nursing home. AR pp. 28-31, 110. In her application for disability benefits, the plaintiff alleged that she became disabled and no longer able to work as of October 2009 because of psoriasis, psoriatic arthritis and depression. AR pp. 29, 139-41.

---

[1] Plaintiff's age placed her in the category of a "younger person." 20 C.F.R. § 404.1563(c).

4

After her application was denied at the initial stages, the plaintiff requested an ALJ hearing after which the ALJ issued an unfavorable decision. AR pp. 10-53. The ALJ found at the second step that the plaintiff had the following severe impairments – psoriatic arthritis and obesity.[2] AR p. 12. At the third step the ALJ concluded that the plaintiff's combination of severe impairments did not meet or medically equal the severity of any listed impairment.

The ALJ then evaluated the plaintiff's residual functional capacity ("RFC") to determine whether, despite her severe impairments, the plaintiff was able to do any of her past relevant work or other work in the national economy.[3] After consideration of the entire record, the ALJ found the plaintiff had an RFC to perform the full range of sedentary work. AR p. 14. Given this RFC, and based on the testimony of the vocational expert, the ALJ concluded that the plaintiff would be able to perform her past relevant work as a daycare center director. AR pp. 17-18, 46-50.[4]

---

[2] The ALJ found that plaintiff's depression and related symptoms was not a severe impairment. Plaintiff did not argue there were any errors in this finding.

[3] Residual functional capacity is a measure of a claimant's capacity to do physical and mental work activities on a regular and sustained basis. It is the foundation of the findings at steps four and five. 20 C.F.R. § 404.1545.

[4] Plaintiff exhausted her administrative remedies before filing this action for judicial review. The ALJ's decision is the Commissioner's final decision for purposes of judicial review.

Therefore, at the fourth step the ALJ concluded the plaintiff is not disabled.

In her appeal memorandum the plaintiff argued the following administrative errors require reversal and remand under sentence four of § 405(g): (1) the ALJ erred at step three by failing to even consider whether the plaintiff's impairment satisfied Listing § 8.05 and by according little weight to the opinion of her treating rheumatologist, Dr. Angele Bourg,;[5] (2) the ALJ's RFC finding was not supported by substantial evidence; and, (3) the ALJ erred in failing to consider the possibility of a closed period of disability.

## Analysis

**The ALJ's analysis at step three does not require reversal and remand of the plaintiff's claim for disability benefits.**

At the third step the ALJ found that the plaintiff's severe impairments did not meet or medically equal any of the impairments listed in Appendix 1, Subpart P, Regulation No. 4. In her analysis the ALJ stated that all listings were considered, specifically Listing 14.09A.1. However, as pointed out by the plaintiff, at step three the ALJ erroneously stated that the plaintiff did not argue that she has "a condition which meets or equals the requirements of a listed impairment," and the ALJ did not

---

[5] Plaintiff contended this error is similar to the error that required reversal in *Audler v. Astrue*, 501 F.3d 446 (5th Cir. 2007).

6

specifically consider and address Listing 8.05. AR p. 14. Nevertheless, the substantial rights of the plaintiff were not affected by these errors and they were harmless.[6]

Plaintiff's substantial rights were not affected by the ALJ stating in error that she did not argue her condition satisfied a listed impairment.[7] This statement in the ALJ's decision was harmless because the ALJ in fact considered whether the plaintiff met the requirements of any listed impairment, including 14.09A.1. Although the ALJ did not specifically cite and analyze Listing 8.05 this was also harmless error - the plaintiff has not met her burden

---

[6] The policy underlying the harmless error rule is to preserve judgments and avoid waste of time. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988). Thus, procedural perfection in administrative proceedings is not required. A judgment will not be vacated unless the substantial rights of a party have been affected. Procedural improprieties constitute a basis for remand only if they would cast into doubt the existence of substantial evidence to support the ALJ's decision. *Id.; Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir.1988).

In the case relied on by the plaintiff, *Audler v. Astrue*, 501 F.3d 446 (5th Cir. 2007), the Fifth Circuit held that although an ALJ is not always required to do an exhaustive point-by-point discussion of the evidence supporting his finding at the third step, it is error for an ALJ to offer nothing to support his conclusion. Nevertheless, the court stated that having determined error on this ground, the court must still consider whether the error was harmless. *Audler*, 501 F.3d at 448. In *Audler* the court found that the error was not harmless because the record contained uncontradicted evidence that the claimant met the listing requirements. *Id.,* at 449. The analysis here demonstrates that the record in this case does not present the circumstances that required reversal and remand in *Audler.*

[7] The record reflects that the plaintiff's attorney stated at the hearing, and in his briefs filed before and after the hearing, that the plaintiff met the listings applicable to her impairments - Listings 8.05 and 14.09A.1. AR pp. 27, 174, 175.

7

of demonstrating the specific findings in the record that establish she satisfied this listing or Listing 14.09A.1.

Listed impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect, and each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. *Sullivan v. Zebley*, *supra*. A claimant must demonstrate that she meets all of the medical criteria specified in the listing. An impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Id.*

The category of impairments addressed in Listing 8.00 are skin disorders. The specific skin impairment found at Listing 8.05 is dermatitis, which includes conditions such as psoriasis, dyshidrosis, atopic dermatitis, exfoliative dermatitis, and allergic contact dermatitis. The medical signs and laboratory findings the plaintiff must identify to meet her burden of demonstrating the criteria of this listed impairment include "extensive skin lesions that persist for at least 3 months despite continuing treatment as prescribed." Plaintiff focused on evidence which she argued showed that despite continuous treatment she had extensive skin lesions that lasted for more than three months.[8] However, to meet Listing 8.05, the claimant must satisfy the

---

[8] Record document number 8-1, Plaintiff's Memorandum in Support of Appeal, pp. 6, 7, 11 and 12.

listing standard for what constitutes "extensive skin lesions." The introductory paragraphs to the Skin Disorders listings define "extensive skin lesions" as "those that involve multiple body sites or critical body areas, and result in a very serious limitation." 20 C.F.R. Pt. 404, Subpt. P, App. 1, Listing 8.00C. The introduction to Listing 8.00C.1 further explains that examples of lesions that result in a very serious limitation,[9] include but are not limited to:

> a. Skin lesions that interfere with the motion of your joints and that very seriously limit your use of more than one extremity; that is, two upper extremities, two lower extremities, or one upper and one lower extremity.
> b. Skin lesions on the palms of both hands that very seriously limit your ability to do fine and gross motor movements.
> c. Skin lesions on the soles of both feet, the perineum, or both inguinal areas that very seriously limit your ability to ambulate.

Therefore, even if the evidence cited by the plaintiff showed that she had the requisite skin lesions, the plaintiff failed to point to any evidence that the lesions caused the type of serious limitations required by the regulations. *Griffin v. Astrue*, 2008 WL 474362, *3 (W.D.La. Feb. 19, 2008). For example, the plaintiff cited treatment records describing the extent of her lesions, her subjective complaints of pain/limitations, and a few notations of some joint swelling, edema and a reduced range of motion in her

---

[9] In the announcement enacting the definition of extensive skin lesions, the Commissioner stated that a "very serious limitation" was equivalent to an "extreme limitation." *Griffin*, *supra.*

9

shoulder. However, none of the records cited by the plaintiff established the plaintiff had skin lesions: (1) that interfered with the motion of her joints causing very serious limitations in the use of more than one extremity; (2) on the palms of both hands causing serious limitations in fine and gross motor movements; or, (3) on both feet or other areas causing very serious limitations in ambulation. On the contrary, the records of treatment by Dr. Bourg consistently showed the plaintiff had a normal gait and station, without any abnormalities noted in range of motion in any joints or extremities. Nor was there any indication in the records that the plaintiff needed an assistive device for ambulation. Furthermore, the plaintiff underwent a consultative examination by Dr. Barnabas Fote on February 24, 2011. His report showed no limitations at all in the plaintiff's joints or extremities, or in the ability to use her hands and ambulate. AR pp. 329-32.[10]

Listing 14.09A.1 covers the condition of inflammatory arthritis, and requires persistent inflammation or persistent deformity of "[o]ne or more major peripheral weight-bearing joints resulting in the inability to ambulate effectively (as defined in 14.00C6)." Under 14.00C6 the inability to effectively ambulate means an extreme limitation of the ability to walk, and requires

---

[10] None of the records from the plaintiff's treating dermatologist, Dr. Stephanie Frederic, indicated that the plaintiff's skin lesions resulted in the type of very serious limitations in movement or use of her extremities required by 8.00C.1 and 8.05.

10

objective medical evidence that the person has insufficient lower extremity functioning to permit independent ambulation without the use of a hand-held assistive device that limits the use of both upper extremities. Plaintiff has not pointed to the objective medical findings that her condition satisfies the Listing 14.09A.1 requirement of an extreme limitation in walking that necessitates the use of a hand held assistive device. Finally, in the context of determining whether the plaintiff's conditions were of listing severity, the evidence shows that the ALJ did not commit error in weighing and discounting the October 20, 2011 letter in which Dr. Bourg stated that she feels the plaintiff met the criteria of 14.09A.1. AR p. 349. Neither the letter itself, nor the doctor's examination/treatment records contained the objective findings necessary to support her conclusory statement.[11]

At step three the plaintiff has the burden of showing that the record includes the objective medical evidence that demonstrates

---

[11] An ALJ is free to reject the medical opinion of any physician when the evidence supports a contrary conclusion. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1981). It is well established that a treating physician's opinions are not conclusive and may be assigned little or no weight by the ALJ when good cause is shown. Good cause exists when the opinion is conclusory, unsupported by medically acceptable clinical, laboratory or diagnostic techniques, or is otherwise unsupported by the evidence. *Newton,* 209 F.3d at 455-56.

The ALJ also did not err in failing to credit or give any special consideration to Dr. Bourg's statement that she "feels" the plaintiff is completely disabled. Such a statement by a treating physician is not a medical opinion, but a legal conclusion on an issue reserved to the Commissioner. 20 C.F.R. § 404.1527(d); *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003).

she can meet the requirements of a particular listing. The analysis above shows that the plaintiff cannot meet this burden, and that the ALJ's finding at the third step is supported by substantial evidence. For these reasons, any error in the ALJ's analysis did not affect the plaintiff's substantial rights and was harmless. There is no legal or factual basis in the record to reverse the ALJ's finding at step three.[12]

**The ALJ's RFC finding and conclusion the plaintiff is not disabled at step four are supported by substantial evidence.**

After the ALJ concluded the plaintiff was not disabled at the third step, the ALJ correctly turned to an evaluation of the evidence to determine the plaintiff's RFC. Considering the entire record under the applicable regulations, the ALJ made a finding that the plaintiff had the ability to perform a full range of sedentary work.[13] The medical evidence and opinions and the plaintiff's statements about her condition and limitations provide

---

[12] *See Audler*, 501 F.3d at 449; *Garcia v. Astrue*, 2012 WL 13716 (S.D.Tex. Jan. 3, 2012); *Smith v. Astrue*, 2012 WL 3779146 (E.D.La. Aug. 13, 2012)(where record did not demonstrate plaintiff could meet burden of demonstrating that listing requirements were satisfied, ALJ's failure to set out a sufficient basis for his decision at step three is harmless error).

[13] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. §404.967(a).

substantial evidence to support this conclusion.

The record contained evidence that despite her impairments, the plaintiff was able to care for her three year old daughter,[14] do some household chores, shopping and cooking, and is able to drive, use a computer daily and visit family. AR pp. 34-35, 38, 43, 132-36. As noted in the previous section, Dr. Fote's examined the plaintiff and issued a report in February 2011. He stated the plaintiff's general, cardiovascular, neurological, and musculoskeletal systems were normal, and he did not indicate the plaintiff had any limitations in her range of motion, or in her ability to sit, stand, pull, push, kneel, crawl, crouch, reach, grasp, handle and finger objects. According to Dr. Fote the plaintiff did not need any assistive device. The state agency medical consultant, Dr. Timothy Honigman, assessed the plaintiff's RFC on March 15, 2011. AR pp. 59-61, 334. His report stated that the plaintiff had the capacity to perform the requirements of medium work. Under the regulations, if someone can do medium work, he can also do light and sedentary work. 20 C.F.R. § 404.1567(c). Nevertheless, considering the effects of the plaintiff's obesity[15]

---

[14] Plaintiff stated that the heaviest weight she can lift or carry is 22 pounds, which is the weight of her daughter. AR p. 38.

[15] The ALJ correctly considered the effects of the plaintiff's obesity as required by the regulations. They require that obesity and its effects be considered in determining whether a claimant meets the listings related to the musculoskeletal, respiratory and cardiovascular systems, and be considered in combination with other
(continued...)

and partially crediting the plaintiff's subjective complaints and the evidence from Dr. Bourg, the ALJ concluded the plaintiff only had the ability to do a full range of sedentary work. The record evidence constitutes more than substantial evidence to support this finding.

Under § 404.1560(b)(2) and the case law it is well-established that a determination of whether a claimant can do his or her past relevant work may rest on descriptions of past work as actually performed or as generally performed in the national economy. *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990); *Khawaja v. Shalala*, 20 F.3d 1170 (5th Cir. 1994); *Cooper v. Barnhart*, 55 Fed. Appx. 716 (5th Cir. 2002); *Alexander v. Astrue*, 412 Fed.Appx. 719 (5th Cir. 2011). The record shows that the ALJ applied this legal standard in his evaluation of the plaintiff's claim at step four. The vocational expert testified that, as generally performed in the national economy, the job of daycare center director is classified as sedentary. Therefore, the exertional requirements of this occupation matched the plaintiff's RFC. The vocational testimony provided substantial evidence to support the ALJ's conclusion at

---

[15](...continued)
impairments throughout the sequential disability analysis. *See*, Listing 1.00.Q.; Listing 3.00.I.; Listing 4.00.F; SSR 02-01p, Evaluation of Obesity, 2000 WL 628049 (S.S.A. Sept. 12, 2002). Under SSR 02-1p the impact of obesity on an individual's functioning must be considered in determining the severity of the obesity and to what extent, if any, it affects the individual's residual functional capacity.

step four that the plaintiff could perform her past work as a daycare center director and is not disabled.

With regard to the a claim for a closed period of disability, the plaintiff failed to cite any legal authority or factual basis in the record to support the assertion that it was error for the ALJ not to consider the possibility of a closed period of disability. Such an unsupported claim of error is not a basis to reverse the ALJ's decision. Moreover, the ALJ's determination that the plaintiff was not "under a disability, as defined in the Social Security Act, from October 23, 2009, through the date of this decision," shows the ALJ found the plaintiff was not entitled to a closed period of disability. This is apparent because the basic definition of disability under the regulations is the inability to do any substantial gainful activity by reason of any medically determinable impairment, which can be expected to result in death or "which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

## Conclusion

Judicial review under § 405(g) does not require that all of the evidence support the ALJ's findings. Even if substantial evidence supports the claimant's position this is not a ground for reversal. As long as the ALJ's finding or decision is supported by

substantial evidence in the record as a whole it must be affirmed.[16] The record considered as a whole contains the substantial evidence needed to support the ALJ's determination that the plaintiff is not disabled, and the ALJ applied the proper legal standards to evaluate the plaintiff's disability claim. Plaintiff's claims of reversible error are without merit.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that under sentence four of 42 U.S.C. § 405(g), the final decision of the Acting Commissioner of Social Security Carolyn W. Colvin, denying the applications for disability income benefits filed by plaintiff Heather P. Hurst, be affirmed and this action be dismissed.

Baton Rouge, Louisiana, January 23, 2015.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[16] § 405(g); *see*, *Carroll v. Dept. Health, Ed. and Welfare*, 470 F.2d 252, 254, n. 4 (5th Cir. 1972)(as long as there is substantial evidence to support the Commissioner's determination, the quantity of evidence submitted by the claimant is irrelevant in terms of judicial review); *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001); *Palomino v. Barnhart,* 515 F.Supp.2d 705, 710 (W.D.Tex. 2007), citing, *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001)(when record as a whole indicates a mixed collection of evidence regarding plaintiff's impairments and their impact, Commissioner's decision upheld as long as there is substantial evidence to support it).